Davis, J.,
delivered the opinion of the court:
There can be no doubt as to the 31 bales last mentioned. They do not appear to have been sold, and their proceeds are not in the Treasury. Counsel contend that the claimant is entitled to recover their market value on showing that they were taken by an authorized agent of the defendants. The court decides this against him, without thinking it necessary to give a reason for a decision on a point so often decided here and in the court above.
A different question is presented ;by the findings regarding the other bales. At the outset of the case the government denies the claimant’s ownership of this property and calls for strict proof. ■
The court is usually disposed to be extremely liberal on this point. In the absence of circumstances to cast a doubt upon the claimant’s title, it is generally satisfied with that evidence of possession or apparent right of control which, in the ordinary occupations of life, raises the presumption and gives ground for the belief that the person who is in possession of or has the right of control over property is its owner. If no circumstances arouse suspicion and cause the good faith of the claimant to be questioned, great injustice may be done by disregarding 'prima facie evidence of ownership and calling for the strictest proof. Especially may this be so if a claimant’s alleged title is fiduciary or representative.
*271 When, however, the facts throw grave doubt over the claimant’s title to the property demanded, the government is justified in requiring strict proof of it, in order to make sure that the fund it has received reaches the rightful owner, and in order to protect itself against a claim for a second payment.
The claimant maintains that he was a member of the firm of A. & S. Ehine; that the firm was the owner of said cotton; that it took the cotton into possession in the eye of the law; that the firm was dissolved by the death of one of the partners; and that he, as surviving partner, became owner or possessor of all the cotton.
The facts proved on the trial, as found by the court, leave it doubtful, first, whether the firm was not dissolved and its business closed prior to the death of Samuel Ehine; second, whether the alleged jturchases of cotton were not made by Samuel Ehine on his own account; or, third, whether they were not made by him- as agent of the insurgent government.
These are all points which the claimant should be able to clear up. If he leaves them in doubt, we must assume that he does it purposely; and, inasmuch as in the first and second contingencies the proceeds of the cotton might belong to the representatives of Samuel Ehine, and in the third contingency they would certainly belong to the United States, the court would not be justified in lending him the benefits of the presumptions of fact which it might be willing to extend in a different case.
The claimant further fails to show that the cotton was reduced to possession. He contends that the deceased partner of the firm purchased about 1,500 bales in about forty separate parcels ; that such purchases were made of the planters by whom the cotton was grown; that the several parcels were left in the possession of the respective vendors; and that they So remained until they were taken by agents of the United States.
In order to avoid the adverse presumption which might arise from the continued possession of the property by the vendors for so many years after the alleged sale, the claimant relies upon certain alleged bills of sale, which he says were taken of said several parcels in each case at the time of the alleged purchase.
These bills were not produced at the trial. The claimant endeavored to account for their non-production by evidence which, as he maintained, proved their destruction by fire.
It is unnecessary for us to comment on the facts shown in the *272 findings as the result of that evidence, or to express an opinion whether those facts do or do not convince us of the former existence and loss of such bills. The claimant has not attempted to prove the contents of the alleged bills, or to show who were the parties who signed them, or to prove the signatures of any such parties. On these material points the finding of facts is absolutely silent.
The parties who signed those bills may or may not have been the parties owning the cotton. The bills may or may not have passed an immediate title and a possession in law. There may or there may not have been some other act left to be done before completing the transfer of title. When we are left in such entire ignorance of their character and nature by the party who claims the benefit of them, who had the custody of them, and who, if any one, ought to know their contents, we cannot give them such validity, as to make them the foundation of a money judgment against the defendants.
The claimant’s petition must be dismissed.'